IN RE ADVISORY OPINION AT THE REQUEST OF THE GOVERNOR.

Opinion Filed Nov. 25, 1916.

Under the provisions of Sections 7 and 9 and 14 of Article XVIII of our Constitution successors to all elective county officers whose terms of office would have expired on the first Tuesday after the first Monday in January, 1917, but whose office had become vacant by the incumbent's death, resignation or otherwise, and such vacancy filled by Executive appointment prior to the general election held on the 7th day of November, 1916, must continue to discharge the duties and receive the emoluments of such offices until the expiration of the term in which the vacancy occurred, no election having been called and held to fill the unexpired term intervening the date of the General Election and the date when the next term begins.

Tallahassee, Fla., Nov. 20, 1916.

To the Honorable Justices of the Supreme Court of Florida:

Gentlemen:—In conformity with the authority vested in the Governor by the Constitution to fill vacancies in elective offices, I have from time to time since the first of the year 1915, made appointments to vacancies arising

in elective county offices provided by the Constitution, said appointments being made subject to the provisions of Section 6 of Article XVIII of the Constitution. At the General Election held on November 7th, 1916, in the Counties respectively where I had filled such vacancies the electors elected successors to my several appointees, but it does not appear that the call for the election provided specifically for an election to fill the unexpired term intervening between the date of the said General Election on November 7th, 1916, and the first Tuesday after the first Monday in January, 1917, the date upon which the full term begins. The question has therefore arisen as to whether or not it is my duty under these circumstances upon proper bond and oath of office being presented to immediately commission those who were so elected, for the period intervening between now and the time when the full term begins or is it within my constitutional authority to allow those who were appointed as aforesaid to vacancies under the provisions of Section 6 of Article XVIII of the Constitution to remain in and discharge the duties of said office until the first Tuesday after the first Monday in January, 1917. I have the honor to respectfully request the written opinion of the Justices of the Supreme Court as to my duty under the Constitution in the premises.

<div style="text-align:center">Very respectfully,<br>PARK TRAMMELL,<br>*Governor.*</div>

Tallahassee, Fla., Nov. 22nd, 1916.

*His Excellency Park Trammell, Governor of Florida.*

Sir:—Your communication of the 20th inst., copied in full above, has been duly received, and after due consideration our reply is as follows:

Section 6 of Article XVIII of our Constitution provides that: "The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution, shall extend only to the election and qualification of a successor at the ensuing general election."

Section 7 of the same Article XVIII provides that: "In all cases of elections to fill vacancies in office such election shall be for the unexpired term."

Section 9 of the same Article XVIII provides for a general election every two years after the first Tuesday after the first Monday in November 1898 for all elective State and County officers whose terms of office are about to expire, or for any elective office that shall have become vacant.

Section 14 of the same Article XVIII provides as follows: "The terms of office of all county officers, unless otherwise provided, shall commence on the first Tuesday after the first Monday in January next after their election."

We are of the opinion that under the provisions of Sections 7 and 9 and 14 of Article XVIII of our Constitution successors to all elective county officers whose terms of office would have expired on the first Tuesday after the first Monday in January 1917, but whose office had become vacant by the incumbent's death, resignation or otherwise, and such vacancy filled by Executive appointment prior to the general election held on the 7th day of November 1916, must continue to discharge the

duties and receive the emoluments of such offices until the expiration of the term in which the vacancy occurred, no election having been called and held to fill the unexpired term intervening the date of the General Election and the date when the next term begins.

The persons elected at such general election for the full term that commences on the first Tuesday after the first Monday in January next after their election cannot fill the office for the unexpired part of the last preceding term in which the vacancy occurred unless he can do so by an appointment to fill such vacancy by the Chief Executive. He cannot do so by virtue of his election to the office for a term that under the provisions of Section 14 of Article XVIII commences only when the last preceding term comes to an end.

<div style="text-align:right">

Very respectfully,
R. F. TAYLOR,
T. M. SHACKLEFORD,
R. S. COCKRELL,
J. B. WHITFIELD,
W. H. ELLIS,
*Justices Supreme Court.*